## BORDNER v. GORDON.

No. 11162—Opinion Filed Dec. 11, 1923.

### 1. Specific Performance—Uncertain Contracts—Parol Evidence.

Specific performance of a contract will not be enforced when any material part of the terms or conditions are uncertain; parol evidence cannot be permitted to supply an omission of any essential element of the contract.

### 2. Same—Contract to Sell Land.

In the instant case the notes and mortgages for the deferred payments on the purchase price were to become due in 1919, 1920, 1921, 1922; no time is specified as to the date the notes and mortgage shall bear, nor the time when the notes shall become due and payable. Held, that such dates are material elements of the contract, and said contract is indefinite and uncertain to that extent, and specific performance thereof cannot be enforced.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Choctaw County; A. A. McDonald, Judge.

Action by O. F. Bordner against Robert Gordon for specific performance of contract for sale of real estate. Judgment for defendant, and plaintiff brings error. Affirmed.

W. M. Cross, for plaintiff in error.

Dickson & Carter, for defendant in error.

Opinion by JARMAN, C. This is an action brought by the plaintiff below, plaintiff in error here, against the defendant below, defendant in error here, for the purpose of requiring the defendant to specifically perform the following contract attached to the petition of the plaintiff, to wit:

"I. O. F. Bordner, party of the first part, do hereby agree to purchase from C. G. Messer, party of the second part, the following described real estate situated in Choctaw county, state of Oklahoma, to wit: 120 acres of land now owned by Robert Gordon about six miles south of Hugo on the following tract; $750 in cash and four promissory notes for $562.50 each bearing eight per cent. interest from date due 1919, 1920, 1921, 1922, the above notes to be secured by a mortgage on above described premises. It is further agreed that the party of the first part makes payment of $25 and $725 in cash as soon as deeds can be procured from Robert Gordon by second party."

The contract has attached to it a plat of the lands, showing its location and description; the contract is signed by O. F. Bordner and C. G. Messer. The petition alleges that Messer executed this contract as the agent of the defendant, Gordon.

To this petition the defendant filed a general demurrer, setting up as his grounds therefor, that said petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff, and against the defendant; the demurrer was sustained, the plaintiff refused to plead further, and judgment was rendered for the defendant, from which judgment the plaintiff appeals and assigns as error the sustaining of the demurrer.

The contract does not show when the notes and mortgage, that were to be given for the deferred payments on the purchase price of the property in question, shall be dated nor when said notes and mortgage shall become due and payable. The contract itself is not dated. The portion of the contract referring to the notes and mortgage is:

"Each bearing eight per cent. interest from date due 1919, 1920, 1921, 1922, the above notes to be secured by the mortgage."

The date of the notes and mortgage and the time when they are to become due and payable are essential elements to the completion of the contract. Under the contract, what date would the notes and mortgage bear and when would the same became due and payable? How could the notes and mortgage be prepared and executed without these necessary elements? In order to supply these elements, it would be necessary to go outside of the contract and to enlarge upon the negotiations of the parties.

The court, in the case of Livingston Waterworks v. Livingston, L. R. A. 1917D, 1081n, holds that:

"Where the general terms of an offer and acceptance show that both sides contemplated something further as necessary to be done in the way of subordinate details and conditions essential and incident to the main subject-matter of the proposed contract, one of the parties thereto is not entitled to specific performance thereof."

The court holds in the case of Ellis v. Treat, 236 Fed. 123, that:

"It is the accepted rule that the minds of the parties must have met upon all the terms of the contract, the specific performance of which is sought to be enforced."

In the case of Halsell v. Renfrow, 14 Okla. 674, 78 Pac. 118, the court holds that a complete and binding contract, under the statute of frauds, may be based on letters, telegrams, etc., between the parties, but that:

"In order to be sufficient, the letters, telegrams and writings relied upon must, by reference to each other, disclose every material part of a valid contract, and must be signed by the party sought to be charged. They must set out the parties, the subject-matter, the price, the description, terms and conditions, and leave nothing to rest in parol. (Fox v. Easter, 10 Okla. 527; Gould v. Stormant, 51 Mich. 636; Eggleston v. Waggoner, 46 Mich. 610; Ferguson v. Blackwell, 8 Okla. 489). It is a general rule that parol evidence cannot be permitted to supply an omission of any essential element of the contract."

The court holds in the case of Strack v. Roetzel, 46 Okla. 695, 146 Pac. 1017, that:

"It is a well settled principle that specific performance of a contract will not be enforced when any material part of the terms or conditions are uncertain. * * * The question of the maturity of the notes is left to subsequent negotiations between the parties, and courts of equity will not enforce a contract of which any material part has to be settled by future negotiations between the parties."

The court holds in the case of King Collie Co. v. Richards, 76 Okla. 6, 184 Pac. 130, that:

"The memorandum in writing relied upon to take a contract out of the statute of frauds, however informal, is adequate if it states the agreement with sufficient clearness. The memorandum must state the contract with such certainty that its essentials can be known from the memorandum itself or by a reference contained in it to some other writing without recourse to parol proof to supply them."

The court holds in the case of Telford v. Ring, 79 Okla. 92, 191 Pac. 179, that:

"Where the court is compelled to enlarge upon negotiations to complete a contract for the sale of real estate, specific performance cannot be had."

The question of the date of the notes and mortgage and the time when they shall become due is an essential element, and is left to subsequent negotiations between the parties; the contract is indefinite and uncertain to that extent, and specific performance thereof cannot be enforced.

The judgment of the lower court is, therefore, affirmed

By the Court: It is so ordered.