CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT,
v. STATE BOARD OF EQUALIZATION AND ASSESSMENT,
APPELLEE.

FILED JULY 17, 1931.   No. 27835.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* for appellant.

*C. A. Sorensen, Attorney General,* and *Hugh LaMaster, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

The Chicago & Northwestern Railway Company, hereinafter called the company, has appealed from the assess-

ment imposed upon its property for the year 1930 by the state board of equalization and assessment, hereinafter referred to as the board.

July 14, 1930, the amount of the assessment was fixed at $38,112,640, and an equalized assessment of 75 per cent. of such value was entered by the board in the sum of $28,435,820. Objections to the assessment were filed July 21, 1930, and on July 25 the objections were overruled by the board. The attorney general, on August 5, 1930, filed a motion to have the above proceedings reopened, to the end that additional evidence might be submitted. After ward, on August 29, 1930, the board complied with the request.

Subsequently, on October 16, 1930, the board certified an assessment of the company's property to the several interested county clerks in the state. Thereupon the company paid the assessment on the basis as certified by the board. The company, however, now contends that the board was without jurisdiction to reopen proceedings, and that the assessment so certified is final. Objections to the jurisdiction of the board were overruled January 5, 1931, when the board met with three of its members present, namely, the governor, the secretary of state, and the state treasurer. Additional evidence was submitted and the original assessment that was made July 14, 1930, was reduced by the board from $28,435,820 to $28,410,095. And it is from this final order of the board that an appeal has been prosecuted.

A letter was written October 16, 1930, by the tax commissioner and forwarded to the various county clerks, in respect of the assessment complained of herein. A copy of the letter follows:

"On August 4th this department certified to you the total assessment of the Chicago & Northwestern Railway Company as fixed by the state board of equalization and assessment. Accompanying this certificate was a letter advising you that the company had contested 25.58 plus per cent. of the assessment.

"It was suggested that extension of taxes against this railway company be deferred until the last possible moment with the thought that a decision in the appeal which they had taken might be rendered before it was necessary to certify the tax list to the county treasurer.

"It is now evident that no decision will be reached in this case for several months and it will be necessary for you to complete your tax lists before that time. Therefore, in extending taxes against the Chicago & Northwestern Railway Company you should extend only 74.41 per cent. of the original amount fixed by this board. This is in accordance with section 8, of chapter 174, Session Laws of 1927, and does not apply to the railroad terminal assessments as the terminal assessments are not in controversy."

Chapter 174, Laws 1927, to which reference is made in the above letter of the tax commissioner, provides that in the event of an appeal from an order of the board to the supreme court a return shall be made "to the respective county clerks of the several counties in which any portion of the railroad property may be located, stating the amount of the assessment as determined by the board and the amount which the railroad company claims same to be in excess of the true value." It is also provided therein that the taxing board shall have authority to levy and collect the taxes under the assessment made against the railroad property upon the uncontested value thereof, and that, upon a final determination by the court of the value of the property, the taxing board shall have authority to correct the assessment to comply with the judgment of the court so pronounced.

The company contends that the board was without jurisdiction to make a "pretended reassessment" of the property after the board had certified to the proper county clerks a valuation of the company's property, which the company paid. But we do not think the letter can be construed as a final certification of the company's property. Under the provisions of chapter 174, Laws 1927,

above cited, authority is given a taxing board to levy and collect the taxes under an assessment therefor upon the uncontested value thereof, but the return so made shall not be construed as a final certification of the amount due, and, upon a final adverse determination by a court, the remainder of the assessment may be collected.

Section 77-509, Comp. St. 1929, provides that, in the event a company is dissatisfied with an assessment as levied, complaint may be filed by such company, or by the attorney general, stating the grounds of the complaint. And it is also provided therein that the board of equalization at its next regular meeting thereafter "shall make such an order in the premises as to the board of equalization and assessment shall seem just and reasonable and said order shall be considered as the final order in the case from which an appeal may be taken to the supreme court." The section further provides that either party desiring to appeal from the assessment "so finally determined" shall file a written notice of intention to appeal from such assessment "so finally determined upon." The attorney general's motion to reopen the proceedings was clearly for the purpose of receiving additional evidence of "the matters and facts upon which said percentage (75%) is based * * * in order that the basis of the board's action may be clearly shown by the record." It does not anywhere appear in the motion so made by the attorney general that he desired to have the order set aside and vacated, as appears to be contended by the company.

It appears to us that, under the provisions of section 77-509, above cited, the order of the board assessing the property in July, 1930, was final, and that all proceedings held subsequent thereto were for the purpose of sustaining the assessment so made. And where all the members of the board of equalization and assessment were present, and all participated in the assessment of the railroad property at that time, the order fixing the rate of taxation will not be held invalid merely because, at a later hearing in

respect of the same property, a quorum but not all members of the board were present.

Complaint is made of the manner in which the assessment was made by the board and the method by which the amount was ascertained. But it is to be presumed that the board is composed of members who are familiar with the value of the company's property, and who have an intimate knowledge of the intricate details connected with the ascertainment of the true valuation and assessment of such property. And, in the absence of unlawful procedure, or apparent misjudgment or omission of vital facts, this court will not interfere with the board's jurisdiction of the subject-matter. "The judgment of a state board empowered to fix a valuation for taxation cannot be set aside by the testimony of witnesses that the valuation was other than that fixed by the board, where there is no evidence of fraud or of gross error in the system on which the valuations were made." *Pittsburgh, C. C. & St. L. R. Co. v. Backus,* 154 U. S. 421. See *Chicago, B. & Q. R. Co. v. Babcock,* 204 U. S. 585. "The state board of equalization and assessment, in valuing and assessing property for taxation, acts in a *quasi* judicial capacity, and its action is not subject to collateral attack, except on grounds of fraud or other wrongful conduct equivalent thereto, or for the exercise of power not conferred upon it by law." *State v. State Board of Equalization and Assessment,* 81 Neb. 139. To substantially the same effect is *Chicago, B. & Q. R. Co. v. Box Butte County,* 99 Neb. 208. And we have held to the proposition that: "There are no settled or infallible rules for the ascertainment of the actual value of railroad property for the purpose of taxation. Approximation to actual value is all that can reasonably be expected. If the value fixed by the state board bears a similar proportion to the actual value that the valuation of other property does, such a valuation for assessment purposes is valid." *Chicago, R. I. & P. R. Co. v. State,* 111 Neb. 362.

In view of the record before us, we conclude that the

irregularity complained of in the assessment of the company's property does not appear in the order of the board of equalization and assessment. It follows that such order must be and it hereby is

AFFIRMED.

The following opinion on motion for rehearing was filed October 9, 1931. *Former judgment vacated, and judgment of district court affirmed as modified.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

This cause is before us on a motion for rehearing. The former opinion is reported, *ante*, p. 592.

From a reexamination of the record and the briefs, it appears that a large part of appellant's contentions is based on a misconception of the record. Appellant insists that the state board of equalization and assessment assessed the property of the railway company on the 14th of July, 1930, and thereafter the state board vacated and set aside its assessment; that this left no assessment standing, and that the board was without power to make a new assessment in January following.

Appellant is in error. A few days subsequent to the assessment made on the 14th of July appellant filed objections to the assessment. On the 25th of July the objections made by the railway company were overruled, and it then gave notice of an appeal to the supreme court. Thereupon, the attorney general asked leave to introduce evidence which would explain and show the basis on which the state board had reached its findings and conclusions in making the assessment of the company's property in Nebraska. Thereupon, the board entered an order vacating and setting aside what it called the final order, relating to the assessment of the railway company's property, entered on July 25. The order vacated was the one overruling the objections of the railway company, and did not relate

to the assessment made on the 14th of July. Thereafter, both parties introduced further evidence, and finally the board made some reduction in the assessment that it had previously made on the 14th of July.

Appellant is not in position to complain of a reduction of the assessment that it induced the board to make. The only questions properly before this court on the appeal are: First, did the state board find the true value of the entire system of appellant's railway properties? and, second, did it allocate no more than the proper proportion of such value to the state of Nebraska?

From an examination of the record, we are convinced that the evidence sustains the state board in ascertaining the taxable value of the entire system, save in one respect. It included in such determination two items, consisting of liberty bonds and United States certificates of indebtedness, amounting to $470,734. It does not appear that these items constituted a part of the operating system of the railway company, and, therefore, no part of these two items should have been allocated to the state of Nebraska. Elimination of these two items results in reducing the assessment of the railway company for the state of Nebraska in the amount of $40,365.44, and by that amount the assessment, made by the state board of equalization, is erroneous and excessive. It appears that the same system in ascertaining the value of the property of this appellant was used in ascertaining the value of other railway systems having lines and operating in the state of Nebraska.

From an examination of the record, we are convinced that a proper basis of allocation was used by the state board. It follows, therefore, that the assessment made by the state board of equalization and assessment should be and hereby is reduced from $28,410,095 to $28,369,729.56.

Our former judgment affirming the action of the state board is vacated, and the assessment is reduced to $28,369,729.56. In all other respects the action of the state board of equalization and assessment is affirmed.

. AFFIRMED AS MODIFIED.