## SINCLAIR PRAIRIE OIL CO. v. STATE et al.

No. 25217.   Oct. 8, 1935.

Edward H. Chandler, Summers Hardy, Paul B. Mason, and Frank Orr, for plaintiff in error.

Melven Cornish, W. D. Humphrey, and J. Berry King, Atty. Gen., for defendants in error.

CORN, J.   This is an appeal from an order of the State Board of Equalization equalizing, adjusting, and correcting the valuation of property for the year 1933. The case involves two complaints of the Sinclair Prairie Oil Company, a corporation, filed before the State Board of Equalization, numbered 97 and 98, consolidated and heard together by the board.   The complainant's grievance was based upon the equalized value placed upon certain gasoline plants owned by complainant in Pottawatomie and Seminole counties.

Plaintiff in error presents its contentions under two propositions as follows:

"The State Board of Equalization was without jurisdiction to fix the equalized value of plaintiff in error's property in excess of the fair cash value thereof."

"The equalized value of plaintiff in error's property as fixed by the State Board of Equalization was in excess of the fair cash value thereof, estimated at the price it would bring at a fair voluntary sale."

The first proposition needs no argument in its support.   Section 8, article 10, of the Oklahoma Constitution provides that:

"All property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale. * * *"

The only question for determination in this case is whether the equalized value of the property as fixed and determined by the State Board of Equalization was in excess of the fair cash value of the property, estimated at the price it would bring at a fair voluntary sale.

It appears from the record that the State Board of Equalization, in determining the fair cash value of complainant's property, took into consideration (1) the original cost of construction or the estimated cost of reproduction less the depreciation, (2) the gainful use or uses to which the property may be put, (3) the location and surroundings of the property involved, (4) the present structural value of the property, and (5) the age and present condition of the property.   It also appeared from the evidence that the gasoline plants involved in this proceeding were owned and operated by a going concern; that said property was in good condition and of 90 per cent. efficiency.

No particular method of valuation is prescribed by the Constitution or the statutes for the guidance of the Board of Equalization in determining the value of property, and the method used is immaterial so long as it does not appear that the value so de-

termined and fixed by the board exceeds the fair cash value of the property.

At the hearing before the Board of Equalization the complainant was required to produce its records showing its investment in the property and a detailed statement of the earnings and net profits derived from said property, and taking into consideration these elements, which in our opinion are the controlling factors to be considered in the determination of the fair cash value of the property involved in this proceeding, it is obvious that the property was not overvalued by the board.

In reviewing the assessment of the State Board of Equalization, the presumption exists in favor of the correctness of the determination of the value fixed by the board. See In re Kansas City Southern Ry. Co., and authorities therein cited, 186 Okla. 495, 33 P. (2d) 772. The burden is upon the complainant to overcome this presumption, and from a careful examination of the record it is quite clear that the complainant failed so to do.

We are of the opinion that the evidence sustains the findings of the State Board of Equalization, and that the order herein appealed from should be, and is, affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.