## POTTER et al. v. NIX et al.

No. 24639. June 8, 1937.

Wilkerson & Brown, E. B. Hunt, and G. W. Goad, for plaintiffs in error.

E. H. Beauchamp, for defendant in error Lydia G. Sellers.

WELCH, J. The land sought to be recovered in this action was allotted to Cloyeeker Nix, a full-blood Cherokee

Indian. Shortly after his death, his father, as sole heir, sold the land and conveyed same by deed with proper judicial approval. The defendants by mesne conveyances claimed title and improved the premises, and so claimed and occupied the premises for nine or ten years before this action was commenced.

It was claimed by plaintiff that Minnie Potter was the common-law wife of the allottee, and that the boys were his sons, and as to one of them that he had been legitimated or adopted by the allottee during his lifetime. However, there was no character of written acknowledgment or adoption of any kind.

The defendants contend that no marriage relation ever existed between the allottee and Minnie Potter, and that neither of the sons was ever legitimated or adopted by the allottee, and it is clear that unless the plaintiffs' contentions are sustained, the defendants have valid title to the land involved.

Upon express waiver of a jury, the cause was tried to the court. At the close of the evidence the court made general findings for the defendants; and specifically found that Minnie Potter "was never the ceremonial or common-law wife" of the allottee, and that the allottee "did not at any time recognize, acknowledge, adopt or legitimate" the illegitimate son, and the court rendered judgment for the defendants.

The contentions of plaintiffs on appeal, and the assignments of error, may be included in the general contention that the finding and judgment of the court were contrary to the evidence, and that under the evidence the plaintiffs were entitled to prevail.

As to the marriage relation, there was testimony by Minnie Potter as to cohabitation with the allottee. There was also some testimony of other witnesses tending towards corroboration. However, there was testimony of acts and statements of Minnie Potter contradictory of her theory of the case, and on the part of defendants there was testimony of other witnesses tending strongly to prove that there was no such dwelling together as husband and wife, as contended for by the plaintiff. While it is not controlling, it is worthy of notice, that for nine or ten years the defendants occupied and claimed to own the land involved, while no claim was presented by or for any of the plaintiffs, and the plaintiff, Minnie Potter, apparently made or presented no claim until she commenced this action and asserted her matrimonial relation with the deceased allottee. Throughout the testimony there are contradictions and uncertainties as might be expected in a case of witnesses testifying as to circumstances and actions and statements made many years ago.

As to the contention that the allottee legitimatized or adopted the illegitimate son, there is some testimony by the mother tending to show some character of recognition of the son by the father, but the testimony in that regard is contradicted by apparently credible evidence, and there is no proof of any character of acknowledgment or adoption as provided for in sections 1619 and 1715, O. S. 1931.

Upon the whole evidence, we cannot say that the findings and conclusion of the trial court are not sufficient and amply sustained by the evidence.

In Lowe v. Hickory, 176 Okla. 426. 55 P. (2d) 769, this court considered a cause involving a similar claim of the existence of a common-law marriage. In the opinion this language was used:

"In checking the record in this case we are at once convinced of the wisdom of the rule which recognizes the fact that the trial judge who sees the witnesses, observes their demeanor, and hears their testimony, is in better position to judge as to the true facts than the appellate court making its review by an examination of the record."

That statement is equally applicable here. In this case, as in the Lowe Case, the proper determination depends largely upon the credibility of the witnesses and the weight and value to be given their testimony; these were questions for determination by the trial court, as we said in the Lowe Case, citing Falls City Clothing Co. v. Sweazea, 61 Okla. 154, 160 P. 728; Lowrance v. Henry, 75 Okla. 250, 182 P. 489, and Beams v. Step, 116 Okla. 291, 244 P. 775.

In this action for the recovery of specific real property, the issues of fact are triable to a jury. Section 350, O. S. 1931; Halsell v. Beartail, 107 Okla. 103, 227 P. 392, and Lowe v. Hickory, supra. Here the parties waived jury trial, and in such cases this court has repeatedly held that the findings of the trial court have the force and effect of a jury verdict.

We deem it unnecessary to refer to the evidence in further detail. We conclude that the findings and the judgment of the trial court are amply supported by the

evidence, and there being no error at law, judgment of the trial court is affirmed.

PHELPS, CORN, GIBSON, and HURST, JJ., concur.