McAFEE et al. v. HARDEN.

No. 26846. July 6, 1937.

Rehearing Denied Sept. 14, 1937.

Willingham & Fariss, for plaintiffs in error.

Shirk, Danner & Earnheart, George H. Shirk, and G. A. Paul, for defendant in error.

WELCH, J. McAfee and Quillin, claimants under a certificate tax deed covering six lots in Oklahoma City, brought suit to quiet title against the defendant, Harden. The cause was tried to the court, resulting in a judgment in favor of the defendant.

Plaintiffs upon this appeal present the contention that the judgment is contrary to the evidence.

The trial court found that no notice of application for tax deed was served upon the defendant, and that therefore the deed was void. This court held that the burden was upon the tax deed holder to prove such service of notice in Henderson v. Langley, 173 Okla. 550, 49 P. (2d) 167, and that failure to make such proof is fatal to recovery by the tax deed holder.

Plaintiff does not question the rule of Henderson v. Langley, supra, but asserts the sufficiency of his proof in the trial court to show service of notice.

One of the plaintiffs testified that he prepared the notice of application for tax deed; that after it was signed by R. Hamilton, the applicant, witness thought he took it to the courthouse to be turned over to the sheriff for service on defendant, Harden. Such a notice on file in the county clerk's office was introduced in evidence. Upon the notice was a return of service made by a deputy sheriff, reciting service on the landowner, John J. Harden, by delivery of a copy to his wife, Mrs. John J. Harden. The deputy sheriff, called as a witness, had no personal recollection of the making of the service. He testified that it was his custom to prepare and sign returns of service within ten or twelve hours after serving process, but that he had no independent recollection of the preparation or signing of this return.

The defendant offered the evidence of Mrs. John J. Harden, who testified that the notice was never served on her, that she had personally known the deputy who made the return for more than 18 years, and that such deputy had never at any time served any notice of any character upon her. There was corroborating evidence from other witnesses, and upon the issues of fact whether the notice was served the trial court found for the defendant.

The rule is well established that in such action, triable to the court without a jury, the findings of the trial court should not be disturbed on appeal, when the evidence supporting the judgment is clear, cogent, and convincing.

It is also settled that the questions as to the credibility of the witnesses and the weight and value to be given their testimony were for the trial judge.

We do not overlook the general rules relied upon by the plaintiff to the effect that an official return of service of process is assumed to state the true facts as to service, and that the return is not sufficiently contradicted by the mere uncorroborated statements of the person alleged to have been served, and that the return should be accepted as true, unless the contrary is shown by clear, cogent, and convincing proof.

However, it is clearly the rule that the weight and sufficiency of the corroborating evidence is in the first instance for the trial court, and its determination on the issue of fact in this case must be tested by the recognized rule applicable to cases of equitable cognizance.

In Lowe v. Hickory, 176 Okla. 426, 55 P. (2d) 769, this court said:

"In checking the record in this case we are at once convinced of the wisdom of the rule which recognizes the fact that the trial judge, who sees the witnesses, observes their demeanor, and hears their testimony, is in better position to judge as to the true facts than the appellate court making its review by an examination of the record."

This court applied the same language in Potter v. Nix, 180 Okla. 196, 69 P. (2d) 48, and the expression is applicable with some force to the questions in the instant case.

Upon the applicable rules we conclude that the finding of the trial court is amply sustained by the evidence, and it follows that the purported tax deed is void.

Under the rule announced in Linn v. Stubblefield, 138 Okla. 280, 282 P. 365; Farmers National Bank v. Gillis, 155 Okla. 290, 9 P. (2d) 47; Baker v. Rogers, 148

Okl'a. 279, 1 P. (2d) 366; Cunningham v. Webber, 171 Okla. 211, 42 P. (2d) 244, and other cases, the one-year statute of limitation provided in section 12703, O. S. 1931, does not apply where the tax deed relied upon is void. We apply such rule here, and conclude that the defendant is not bound by such statute of limitation.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur. BUSBY and CORN, JJ., dissent. PHELPS, J., absent.