### McBIRNEY v. BOARD OF EQUALIZATION OF TULSA COUNTY et al.

No. 28698.     April 4, 1939.

Felix A. Bodovitz, for plaintiff in error.

Dixie Gilmer, County Atty., and John F. Conway, Asst. County Atty., for defendants in error.

WELCH, V. C. J. It is contended by appellant that the taxable valuation placed upon the property involved by the county board of equalization is unjust and not equal to assessments upon adjoining and abutting properties, and that the valuation so fixed is contrary to the evidence.

The approximately 60 acres of land involved adjoins the city limits of Tulsa, and is platted into some 220 to 225 lots. The same was assessed as of January 1, 1937, by the owner at $9,000, and raised by the assessor to $19,200. Upon complaint being filed with the board of equalization, hearing was had and the assessment fixed at $13,130, which upon appeal to the district court was affirmed.

Witnesses qualified in real estate values testified as to value of the entire tract, ranging from $10,000 to $21,500. Other evidence from the records of the assessor shows several adjoining tracts assessed at approximately one-half the value placed upon the land herein involved.

In Shell Petroleum Corporation v. State Board of Equalization, 170 Okla. 581, 41 P.2d 106, it was held in paragraph 1 of the syllabus as follows:

"The prima facie correctness of an assessment when made by the proper officers must be affirmatively overcome by appropriate and sufficient proof, excluding every reasonable hypothesis of a legal assessment."

That case involved an assessment of property by the State Board of Equalization, and in the opinion it is said:

"The first proposition involves most of the evidence introduced. The rules of law applicable to this situation are: First, a presumption of correctness and fairness in the action of the board (Cooley on Taxation [4th Ed.] vol. 3, p. 2442; 61 C. J. 611; Southern Surety Co. v. Waits, 45 Okla. 513,

146 P. 431); that the board is composed of members familiar with the assessment of property values and that the board had sufficient evidence upon which to act, and its judgment thereon is as competent as that of a court in the absence of showing of unfairness, irregularities, or discrimination (State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663; St. Louis Electric Bridge Co. v. Koeln, 315 Mo. 424, 287 S. W. 427; In re C. & N. W. Railway Co., 121 Neb. 592, 237 N. W. 657, 238 N. W. 520); and second, that the party attacking the action of a board of assessment and equalization has the burden of proving his contentions and overcoming these presumptions by clear and convincing proof and no other. See In re Assessment of Kansas City Southern Ry. Co., 168 Okla. 495, 33 P.2d 772, and authorities cited therein."

In Sinclair Prairie Oil Co. v. State, 169 Okla. 334, 37 P.2d 298, the first paragraph of the syllabus is as follows:

"Plaintiff rendered its property for taxation to the county assessor of Garfield county. The assessment was increased by the county assessor and plaintiff appealed to the county board of equalization. A hearing was held by said board and the valuation of plaintiff's property was determined. Plaintiff then appealed to the district court, where the valuation as fixed by the board of equalization was confirmed and sustained. Thereafter plaintiff appealed to this court. The record of the proceedings examined and reviewed, and since it does not appear that any error was committed by the board of equalization in the method by which it arrived at the valuation so fixed nor that said valuation is unjust or contrary to the evidence, the judgment of the district court is affirmed."

In the body of that opinion it was said:

"In the case of In re Assessment of the Kansas City Southern Railroad Co., 168 Okla. 495, 33 P.2d 772, it is pointed out that certain presumptions obtain in proceedings of this nature, which are that, in reviewing the assessment of the State Board of Equalization, the presumption is in favor of the correctness of the determination of the value fixed by the board; until the contrary is made to appear, the law presumes the officers have discharged the duties which the law imposes upon them; that the board made due investigation and obtained sufficient data on which to base its assessment; that the board acted fairly and impartially with honest motives, and exercised honest judgment in fixing the valuation, and that such presumption can only be overcome by clear and convincing proof. In view of the similarity of the functions of the state and county boards of equalization, the above principles are likewise applicable herein. * * *

"The board of equalization is an admin-istrative body. It is not bound by a particular class of evidence, but is bound to take into consideration all of the surrounding facts and circumstances which would assist it in arriving at the fair cash value of the property, estimated at a price it would bring at a fair and voluntary sale."

In the present case the board heard the evidence of a qualified and impartial witness to the effect that the value of the land was $21,500, and it fixed the assessment value thereof at $13,130, which is nearly $8,000 less than some of the testimony may have justified and only $630 more than the value placed thereon by some of appellant's own witnesses. In such state of the record and under the above rules, we are not justified in concluding that the land did not have a cash value of $13,130.

Appellant devotes much of his brief to a discussion of an asserted discrimination in the valuation placed on his land and the taxable valuations borne by several other adjoining tracts, as shown by the assessor's records. No proof other than such assessor's records of valuations was offered as to the actual cash value of the other tracts, and although we are not prepared to say that such records do not have some slight evidential value as to the cash value of such other lands, even so, the same would not be controlling. This record does not necessarily reflect that the present lands are of no greater value than such other tracts.

We find no error, and the judgment is affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.