In re ASSESSMENT OF NATIONAL BANK OF TULSA.

No. 29872. Dec. 10, 1941.

*108 P. 2d 130.*

Jos. L. Hull and James W. Bush, both of Tulsa, for appellant.

Dixie Gilmer, Co. Atty., and John F. Conway, Asst. Co. Atty., both of Tulsa, for appellee.

WELCH, V. C. J. The National Bank of Tulsa, hereinafter referred to as the bank, duly returned the property involved for taxation, separately listing the value of its bank building and the lots on which it was situated. The county assessor raised the valuation of the lots by a little less than 10 per cent., and raised the value of the bank building by a little more than 40 per cent. In reviewing the matter and upon hearing, the county board of equalization approved the county assessor's valuation on the lots, but reduced the county assessor's valuation of the bank building, and in lieu thereof approved a valuation figure for the bank building which amounted to a raise of 33 1/3 per cent. of the original valuation figure returned by the bank.

Upon trial in the district court the action of the county board of equalization was approved and affirmed. In that trial there was definite evidence sustaining the contention of the bank that the final

assessment was excessive, and there was also definite evidence by witnesses for the county to the exact contrary. There was evidence offered by the bank which if fully accepted would have justified a conclusion that the final assessment was excessive by approximately $349,000. On the contrary, there was evidence offered by the county which if fully accepted would justify the conclusion that the final assessment was insufficient by about $400,000. There was evidence as to the rental value and rental income of the bank building, and evidence as to the nature and character of construction in the building, and its location in the city of Tulsa, and of various other details.

This court has frequently had occasion to refer to the rule and principle which attaches great weight to the findings of the trial court on account of the opportunity in the trial court to see the witnesses and observe their manner of testifying and to hear the testimony as given. Lowe v. Hickory et al., 176 Okla. 426, 55 P. 2d 769; Carlisle v. State ex rel. Harris, County Atty., 178 Okla. 231, 62 P. 2d 617; Fink et al. v. Aetna Insurance Co., 179 Okla. 34, 64 P. 2d 268; Potter et al. v. Nix et al., 180 Okla. 196, 69 P. 2d 48; McAfee et al. v. Harden, 180 Okla. 546, 71 P. 2d 463, and Sunshine Oil Co. v. Chantry, 186 Okla. 49, 96 P. 2d 20.

We regard that principle and rule as being applicable here to an important degree.

The bank lays great stress upon the evidence as to rental income and as to probable rental values. While those details may be properly taken into consideration in determining the valuation of such property for taxation, such element of value alone cannot be conclusive. It is readily apparent that rental value or rental income alone cannot be taken as controlling in determining fair cash value or fixing the proper assessed valuation for taxation purposes. There is nothing in the record to indicate that these facts or any other pertinent facts were not fully considered by the county board of equalization and by the district court in determining and fixing the final assessed valuation of the property involved.

We deem it unnecessary to refer in further detail to the evidence presented.

In this jurisdiction we are committed to the rule that such assessed valuations, determined as in this case, are presumed to be fair and just and will be approved by this court unless it is clearly made to appear that the final assessed value is excessive or unjust or was arbitrarily fixed, or was determined upon some controlling formula which was erroneous, or determined by failing or refusing to consider certain pertinent facts or elements of value. McBirney v. Board of Equalization of Tulsa County, 184 Okla. 564, 89 P. 2d 314; Sinclair Prairie Oil Co. v. State, 169 Okla. 334, 37 P. 2d 298; Mid-Continent Building Co. v. Board of Equalization of Tulsa County, 184 Okla. 525, 88 P. 2d 626, and Shell Petroleum Corporation v. State Board of Equalization, 170 Okla. 581, 41 P. 2d 106.

We deem it unnecessary to repeat the rules and principles set out in those cited opinions. We regard them as controlling here, and refer to them for other supporting authorities. It is true that assessments have been disapproved when based upon erroneous formula and unfair elements of value, as in Re Assessment of Kansas City Southern Ry. Co., 168 Okla. 495, 33 P. 2d 772, but such is not the case here.

The bank urges that the intentional assessing of its property at a greater ratio of value that other property of the county would violate its constitutional rights, and cites authorities supporting the asserted rule. But the facts here do not indicate any such overassessment. As heretofore pointed out, there was competent evidence that this assessment was not excessive in any manner.

The bank refers with emphasis to the various factors to be considered in determining value and fixing assessments of such property as here involved, and cites authorities holding that such factors are proper to be so considered. Evidence

was introduced to apply those factors here. We assume the same was fairly considered. The contrary does not appear from the record or decision of the trial court.

Under the applicable rules, the evidence supports the judgment rendered. The record does not justify a reversal, and the judgment appealed from is affirmed.

RILEY, OSBORN, GIBSON, and NEFF, JJ., concur.