HARDEN et al. v. HARDEN et al.

No. 30771. Jan. 12, 1943.

Rehearing Denied March 2, 1943.

*134 P. 2d 351.*

J. B. Dudley, of Oklahoma City (Dudley, Hyde, Duvall & Dudley, of Oklahoma City, of counsel) for plaintiffs in error.

Busby, Harrell & Trice, of Ada, for defendants in error.

WELCH, J. The will of Andrew J. Harden, deceased, was admitted to probate in the county court and contestants appealed to the district court, where the same conclusion was reached, and the contestants appeal to this court.

The deceased was past 80 years of age and was survived by five sons aged 42 to 56, and one daughter aged 35, and by six grandchildren, all adults.

The will made small bequests to four sons, who are the contestants here, and divided the remainder of his estate into five parts, devising one-fifth to his oldest son, one-fifth to his only surviving daughter, one-fifth to four children of a deceased daughter, one-fifth to the

child of another deceased daughter, and the remaining fifth to the child of a deceased son.

The contestants here assert that the deceased was without testamentary capacity and acted under coercion and undue influence. In such case it is our duty to examine and review the entire record. In re DeVine's Estate, 188 Okla. 423, 109 P. 2d 1078. The judgment will not be disturbed unless against the clear weight of the evidence. McAfee v. Harden, 180 Okla. 546, 71 P. 2d 463.

The record is voluminous, consisting of the testimony of several witnesses on each side. We see no occasion to outline all the evidence, and will only refer thereto generally.

There were three attesting witnesses to the will. Two were experienced physicians who had rendered some medical services to testator in his lifetime. One of them had known decedent six or eight years and the other a shorter time. The other attesting witness was a farmer and stockman who had known deceased for 30 years.

They, together with other disinterested witnesses, gave testimony which was reasonable and apparently wholly credible, and which alone was sufficient to justify the trial court's conclusion stated in the record, in effect, that the testator possessed testamentary capacity in full measure, was a man of resolute disposition, and was not in any manner influenced in the making of his will.

There was some conflicting testimony in that several witnesses for contestants who had known decedent for several years testified to transactions and visits with him. Some of them were of the opinion decedent did not have testamentary capacity, but their stated foundation for such view was not such as to attach great importance to their opinions. Much of this co-called opinion evidence was not admissible for lack of sufficient foundation. 32 C. J. S. 180.

But at any rate this evidence was not at all convincing to the trial judge, nor is it to us. Others of contestants' witnesses, though testifying to various visits and transactions, would not offer the view that decedent was incompetent to make a will.

On the contrary, there was testimony for the proponents by banker, electrician, stenographer and bookkeeper, telephone lineman, and neighbor, detailing a great number of transactions with testator, some transactions of small moment about ordinary affairs of daily life, and many transactions of more magnitude. Much of this evidence, apparently wholly credible, would picture the testator as a man of strong will and mentality.

There is evidence of family discord and family litigation existing over a period of ten years or more, and up until testator's death, of such character as would and did result in part of the family being aligned against testator and part aligned with him, and which resulted in the division of a fortune. See Harden v. Harden, 182 Okla. 364, 77 P. 2d 721. While that long continuing litigation might shed some light on testator's reason for preferring some of his children, in the disposition of the remainder of his estate, there is nothing therein to indicate here any lack of testamentary capacity or any undue influence. The testator at all times appeared and proceeded in the courts as a mentally competent person, and was so proceeding in the courts until his death.

The amount or value of the estate here disposed of by will is not referred to in contestant's brief. It is there stated that land constituting the bulk of his estate had been conveyed two years before death to his oldest son and to his only surviving daughter. This would indicate there was no large estate left at death. It is sought to be inferred that this conveyance was obtained by some coercion, fraud, or deception, but the evidence falls far short of such showing. Nor does that transaction show the exercise of undue influence in connection with the making

of the will, which was executed before three attending witnesses with all due formality.

We are convinced the trial court was justified in his finding and conclusion; that the same is not contrary to the weight of the evidence, but is amply supported thereby.

Affirmed.

All the Justices concur except DAVISON, J., not participating.