FIRST NATIONAL BANK & TRUST COMPANY OF TULSA v. ROWE, County Assessor, et al.

No. 31909.   March 13, 1945.

157 P. 2d 172.

Benjamin C. Conner and John M. Winters, Jr., both of Tulsa, for plaintiff in error.

Dixie Gilmer, County Attorney, and Claude Weaver, Jr., Assistant County Attorney, for defendants in error.

DAVISON, J.  This cause· is presented on appeal from a judgment of the district court of Tulsa county, affirming and approving the assessed value of real estate for tax purposes as fixed and determined by the board of equalization of Tulsa county.

The property involved belongs to the First National Bank & Trust Company of Tulsa. It is situated at the intersection of Fourth and Main streets in Tulsa. It has a 90-foot frontage on Main street and a 140-foot frontage on Fourth street. It is improved real estate, having on it a ten-story office building, one-half of which was built in 1919 and the other half of which was built in 1925.

As of January 1, 1943, the county assessor of Tulsa county fixed the assessed value of the land at $219,000 and the value of the building thereon at $313,500, a total assessed value of $532,500.

From the determination of the assessor as to the value of the property the bank appealed to the board of equalization of Tulsa county, which board reduced the assessed value of the land to $197,100 but allowed the value of the building thereon to remain the same, $313.500.

The bank then appealed to the district court of Tulsa county, where upon hearing the decision of the board of equalization of Tulsa county was affirmed and the assessed value of the property was fixed at $510,600.

From the decision of the district court the bank presents the cause to us on appeal. It says that:

"For assessment purposes ·real estate should be valued at its fair cash value as of January 1 of the assessment year and any method of valuation which does not take into account and consider the income produced from business property is an erroneous and illegal valuation."

This proposition erroneously assumes that the court did not take into account and consider the income produced or which could be produced from the property. This assumption on the part of the bank is erroneous and in-

correct. Mr. Merritt J. Glass is a real estate man in the city of Tulsa and for years has been acting as a deputy county assessor of Tulsa county for a few months each year during which time real estate is assessed. He was one of the witnesses in this case. His testimony reflects a wide familiarity with the rental value of "downtown" property in Tulsa. He was familiar with the rental contract between the protesting bank and its principal tenant, the Gulf Oil Company, and was also familiar with the price which the bank charged itself for rent on the ground floor and basement of the building. According to his testimony the bank's charge to itself was less than that which could have been obtained from other tenants for the same space. His knowledge of the rental arrangements of the bank was based upon information obtained prior to the date of the questioned assessment. However, it does not appear that there has been any material change in the rental arrangement.

According to Mr. Glass he regards the capacity of business property to produce income as one of the major factors in determining its value when making an assessment for tax purposes.

The building was assessed at less than 60% of its actual cash value.

In the case of In re Assessment of Real Estate of National Bank of Tulsa, 188 Okla. 225, 108 P. 2d 130, this court said:

"The bank lays great stress upon the evidence as to rental income and as to probable rental values. While those details may be properly taken into consideration in determining the valuation of such property for taxation, such element of value alone cannot be conclusive. It is readily apparent that rental value or rental income alone cannot be taken as controlling in determining fair cash value or fixing the proper assessed valuation for taxation purposes. There is nothing in the record to indicate that these facts or any other pertinent facts were not fully considered by the county board of equalization and by the district court in determining and fixing the final assessed valuation of the property involved.

"We deem it unnecessary to refer in further detail to the evidence presented.

"In this jurisdiction we are committed to the rule that such assessed valuations, determined as in this case, are presumed to be fair and just and will be approved by this court unless it is clearly made to appear that the final assessed value is excessive or unjust or was arbitrarily fixed, or was determined upon some controlling formula which was erroneous, or determined by failing or refusing to consider certain pertinent facts or elements of value. . . ."

Our examination of the record in this case fails to reflect that the final assessed value of the bank's property was excessive or unjust or was arbitrarily fixed or that the same was determined upon some controlling formula which was erroneous or determined by failing or refusing to consider rental value or any pertinent facts or elements of value.

We are of the opinion that the judgment of the district court of Tulsa county should be, and the same is, affirmed.

HURST, V.C.J., and OSBORN, WELCH, CORN, and ARNOLD, JJ., concur.