DOLESE BROS. CO. v. NICHOLS et al.

No. 31718.    May 15, 1945.

Rehearing Denied Jan. 15, 1946.

Application for Leave to File Second Petition for Rehearing Denied Feb. 26, 1946.

*165 P. 2d 982.*

C. B. Memminger, of Atoka, and Busby, Harrell & Trice, of Ada, for plaintiff in error.

H. M. Shirley, County Atty., of Coalgate, C. W. King, Atty. for Tax Commission, and E. Moore, of Coalgate, for defendants in error.

HURST, V.C.J. The Dolese Bros. Company is engaged in the business of operating a plant for crushing rock and selling crushed rock in Coal county. It returned to the county assessor the property involved, separately listing its personal property under the divisions: (1) Total office equipment $20, (2) railroad trackage $2,000, and (3) all other personal property $20,000, making a total of $22,025.

The county assessor increased the valuation as follows: (1) Total office equipment $300, (2) railroad trackage $5,000, and (3) all other personal property $94,700, making a total of $100,000. On a hearing before the county board of equalization, the increase made by the county assessor was approved.

On appeal, the district court fixed the assessed valuation as follows: (1) Office equipment $50, (2) railroad trackage $5,000, and (3) machinery, buildings, equipment and other personal property $55,000, making a total of $60,050. The company appeals.

A proceeding on appeal from the county board of equalization to the district court, under 68 O.S. 1941 § 15.42, is a special statutory proceeding governed by equitable principles, and the judgment of the district court on the question of valuation will be reversed or modified by this court where it is clearly against the weight of the evidence or the wrong formula was used in fixing the valuation. In re Sprankle Co., 69 Okla. 178, 170 P. 1147; In re Assessment of National Bank of Tulsa, 188 Okla. 225, 108 P. 2d 130.

Complaint is made that the valuation fixed by the court was excessive and not supported by the evidence. The evidence shows that the machinery and property was old and considerably worn, and much of it obsolete. There was a wide difference of opinion among the witnesses as to the value of the various articles of machinery. For each of the four preceding years the property was assessed at $25,000.

One important question in the case is whether the screenings are taxable. The evidence shows that the screenings are small particles of rock and dust which comes out of the crushed rock when the used portion is screened in the plant. The evidence shows that there are three piles of screenings at the plant, estimated at 169,300 cubic yards. The appellant introduced some testimony that the screenings in the dump piles had no value and no market. The appellee introduced testimony that it had a fair cash market value of 20 cents per cubic yard, or a total value of $33,860. Evidence was also introduced by the appellant that there had been some market for the screenings. In the judgment and findings of the court, the valuation of the screenings were not taken into account, but the court, in his findings, stated: "the court fixes the value of said screenings at 20c per cubic yard for tax purposes in case it is found to be taxable."

Henry Dolese, the president of the appellant, testified that he made out and returned the original assessment list; that he had been engaged in said business and dealing in new and old machinery for 40 years, or more; that he was acquainted with the buying and selling of the kind of new and old machinery and property involved in this proceeding, and that the assessment list returned by him was correct, and that the values given were the fair cash market value of the property as of January 1, 1943.

W. R. Wilson, a witness for the appellant, testified that he is engaged in the business of buying and selling new

510

and used machinery, that he is familiar with their values, and that the fair cash value of said property is as follows: (1) office furniture $20, (2) railroad trackage $2,000, and (3) machinery and all other property $20,845, making a total of $22,865.

J. N. Nesbit, deputy county assessor, who examined the plant of the appellant and upon whose recommendation an increase in the valuation was made by the county assessor to bring it to a total of $100,000, testified for the county that he inspected the buildings and estimated the machinery, that he did not list the items, did not go into the office building; and did not see the equipment. He testified that he was acquainted with the value of buildings, and that the buildings had a valuation of $12,000. Since this witness did not go into the office building and did not see the equipment, and thus limited his actual knowledge of said values to the sum of $12,000, his testimony may therefore be eliminated as having any support for the judgment of the court.

J. M. Gayle, a valuation engineer of the Oklahoma Tax Commission and the Corporation Commission and a witness for the county, after reducing the figures first testified to, fixed the valuation as follows: (1) office furniture $30, (2) railroad trackage $7,500, and (3) machinery and all other property, but not including the screenings, $47,-461.20, making a total of $54,991.20.

W. Kemp Walker, chief engineer of the Corporation Commission and a witness for the county, fixed the valuation of all property, not including the screenings, as follows: (1) railroad trackage $14,515.20, and (2) machinery and other property, after deducting the value placed on two gasoline engines, erroneously classified by him as Deisel engines, and substituting therefor the valuation placed by Mr. Gale for said gasoline engine, $34,981.80, making a total of $49,497.

It is the opinion of the court, and we so hold, that under the record said screenings were not taxable, as held by the trial court.

The trial court, by its rulings throughout the trial, proceeded on the correct theory that the true basis for valuation of property for tax purposes is the fair cash market value (sec. 8, art. 10, Oklahoma Constitution), and tried to hold the witnesses to this theory. In fixing the value, we assume he used this formula. There was evidence from which he could fix the value at $54,991.20, but no more. The judgment is modified by reducing the assessed valuation from $60,050 to $54,991.20, and, as so modified, the judgment is affirmed.

Affirmed as modified.

OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.

Rehearing denied; GIBSON, C. J., and RILEY and ARNOLD, JJ., dissent.