In re PROTEST of TAXPAYERS of TOWN of NICHOLS HILLS.

No. 32609. April 29, 1947.

*180 P. 2d 157.*

Keaton, Wells, Johnston & Lytle, Twyford, Smith & Crowe, Eugene S. Wells, L. Karlton Mosteller, Paul Brown, and Albert McRill, all of Oklahoma City, for protestants.

Warren H. Edwards, Co. Atty., and W. A. Carlile, Asst. Co. Atty., both of Oklahoma City, for respondent.

DAVISON, V.C.J. This is an appeal by the owners of real estate in the town of Nichols Hills, from a judgment of the district court of Oklahoma county, approving the order of the county board of equalization which approved the county assessor's action increasing the assessed value of their property for ad valorem tax purposes for the year 1945.

In 1944, practically all real estate in the town of Nichols Hills, a more or less exclusive residential district adjacent to Oklahoma City, was valued, for assessment purposes, upon what is referred to as a scientific basis, which took into account the area, type of construction of the residence, kind of roof, size of basement, type and size of garage and driveway and other important elements of value of each parcel of real estate.

In 1945 the county assessor raised the previous valuation of each item of improvements in this district and in two or three additions to Oklahoma City by 20 per cent, without again viewing or inspecting the different properties. The protestants, on behalf of themselves and all others similarly situated, filed protests with the county board of equalization. From the order approving the assessments, as raised, an appeal was taken to the district court, where the matter was heard de novo.

In addition to the above facts the record discloses that the value so fixed was less than the actual market value and, although asserted by protestants to be otherwise, the 1945 assessed value was upon an approximate equality with that of real estate in certain parts of Oklahoma City.

Appellants rely for reversal upon the assertion that the method used by the assessor was arbitrary, capricious and discriminatory, and that, by statute, he was required to view and inspect the properties to determine the accurate value of the same.

By 68 O. S. 1941 §15.16 the assessor is required to "do all things necessary, including the viewing and inspecting of property, to enable him to assess and value all taxable property." All of these properties had been very closely inspected and scientifically valued the previous year and the assessments complained of were, admittedly, less than the market value. No proof was offered that the value fixed was not in line with the values placed upon other similar property. The only testimony in the record is to the effect that such values were upon about the same basis as that of other similar property.

This is a direct appeal from the order of the board, and the cases discussed in the briefs, chief among which

is Blake et al. v. Young, 128 Okla. 152, 261 P. 923, are of little assistance because they deal with collateral attacks upon such orders, or with attempts to change the valuation voluntarily placed on the property by the taxpayer, or both.

In the case of Zachary et al. v. City of Uvalde (Tex. Com. App.) 42 S. W. 2d 417, the Supreme Court of Texas said:

"The valuation placed upon plaintiffs in error's property cannot be set aside merely because at the time it was made the board of equalization made no investigation as to the value of the property. Before plaintiffs in error will be heard to complain of the action of the board of equalization, they must show that their property has been valued unfairly or in excess of the value of other property similarly situated. . . . In the absence of any showing to the contrary, the presumption will be indulged that the board of equalization discharged its duty by placing a fair value upon plaintiffs in error's property."

The testimony here shows conclusively that the increase equalized the values in Nichols Hills with parts of Oklahoma City of a similar character, and in addition the order of the equalization board is supported by the rule applicable in this state:

"In this jurisdiction we are committed to the rule that such assessed valuations, determined as in this case, are presumed to be fair and just and will be approved by this court unless it is clearly made to appear that the final assessed value is excessive or unjust or was arbitrarily fixed, or was determined upon some controlling formula which was erroneous, or determined by failing or refusing to consider certain pertinent facts or elements of value . . ." In re Assessment of Real Estate of National Bank of Tulsa, 188 Okla. 225, 108 P. 2d 130, and cases therein cited.

"In reviewing the assessment of the State Board of Equalization, the presumption exists in favor of the correctness of the determination of the value fixed by the board. . . .

"No particular method of valuation is prescribed by the Constitution or the statutes for the guidance of the board of equalization in determining the value of property, and the method used is immaterial so long as it . . . appears that the value so determined and fixed by the board does not exceed the fair cash value of the property." Sinclair Prairie Oil Co. v. State, 174 Okla. 109, 50 P. 2d 150.

"Valuation of property for tax purposes as determined by board of equalization will not be disturbed, where it does not appear that error was committed by board in method by which it arrived at valuation, nor that valuation is unjust or contrary to evidence." Sinclair-Prairie Oil Co. v. State, 169 Okla. 334, 37 P. 2d 298.

Measured by these rules, the judgment of the district court sustaining the finding of the equalization board was proper.

The judgment is affirmed.

HURST, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.