## HUMPHREYS v. DAY.

No. 35263.   Jan. 10, 1953.

Rehearing Denied March 24, 1953.

*254 P. 2d 996.*

Martin L. Frerichs, Okemah, and Leon C. Phillips, Oklahoma City, for plaintiff in error.

Clyde F. Ross, Okemah, for defendant in error.

BINGAMAN, J.   This action was brought by C. R. Humphreys against J. H. Day to compel the specific performance of a contract to sell and convey 400 acres of land, possession of which had been delivered to the plaintiff. By cross-petition defendant sought to recover possession of the property and damages.   From the judgment for the defendant, plaintiff appeals.

By written escrow agreement the defendant agreed to sell the land in question to the plaintiff for a consideration of $14,000.   $500 of the purchase price was deposited in escrow with the deed conveying the property.   The escrow contract provided for delivery and examination of abstracts of title and on approval of title provided plaintiff should pay to the escrow bank the fur-

ther sum of $6,500 in cash and deliver to the "escrow holder a real estate mortgage covering the herein described real estate and promissory note for $7,000, which note shall bear interest at 6 per cent per annum from date thereof, and shall be secured by a real estate mortgage, according to the terms and conditions thereof."   The written escrow agreement appears to be full and complete in every respect except it contains no provision fixing the due date of the $7,000 promissory note.   The trial court permitted the plaintiff to offer parol evidence as to the due date of this note.   Plaintiff's evidence consisted of his own testimony that the $7,000 was to mature in annual installments of $1,000 on October 1st of each year, beginning on October 1st, after the execution of such note and mortgage.   The defendant's testimony directly contradicted the testimony of the plaintiff in that he testified there was no agreement as to the due date of the mortgage.

The plaintiff tendered performance of the agreement in accordance with his version of the maturity date of the mortgage which tender was refused by the defendant.

To entitle the plaintiff to specific performance he must establish that the agreement was definite and certain as to the maturity date or dates of the note in question.   Bordner v. Gordon, 94 Okla. 165, 221 P. 50.

The evidence of the parties being sharply in conflict it was for the trial court to determine the credibility of the witnesses and the weight and value to be given their testimony. McAfee v. Harden, 180 Okla. 546, 71 P. 2d 463.

The judgment of the trial court is not clearly against the weight of the evidence and should not be disturbed on appeal.   Payne v. Wade, 190 Okla. 222, 122 P. 2d 144.

Affirmed.

HALLEY, V.C.J., and CORN, JOHNSON, and O'NEAL, JJ., concur. WELCH and DAVISON, JJ., dissent.