Jess GREGORY, Plaintiff in Error,

v.

Angelo BOGDANOFF, Defendant in Error.

No. 37074.

Supreme Court of Oklahoma.

Jan. 29, 1957.

Rehearing Denied March 5, 1957

F. C. Swindell, Tulsa, for plaintiff in error.

R. R. Linker, Tulsa, for defendant in error.

PER CURIAM.

Angelo Bogdanoff, defendant in error, hereinafter referred to as plaintiff, instituted this action in the district court of Tulsa County, against Jess Gregory, plaintiff in error, hereinafter referred to as defendant, seeking a mandatory injunction and damages for the alleged construction by defendant of a dam across Hager Creek, thereby diverting the natural flow of water and causing plaintiff's land to be flooded. The case was tried to the court upon only the issue relating to injunctive relief. At the conclusion of the trial the court rendered judgment permanently enjoining the defendant from maintaining a dam or obstruction across Hager Creek in Section 23, Twp. 18 N., Rnge. 12 E., Tulsa County, Oklahoma.

The record discloses that plaintiff is the owner of the NW/4 of the SW/4 of Section 24, Twp. 18, N., Rnge. 12 E.; that defendant is the owner of the SE/4 of Section 23, said township and range, adjoining plaintiff's land on the west; that a county road running north and south separates the two properties; that Hager Creek, also known as Bunger Creek, heads in the Turkey Mountain area some 2½ or 3 miles north of defendant's property and courses in a southerly direction into defendant's land a short distance west of the northeast corner. While not so well defined as a creek it continues in a southerly direction across defendant's property to a point immediately south of defendant's southeast corner where it empties into Polecat Creek. Polecat Creek from that point runs in a northeasterly direction to and across plaintiff's property, exiting therefrom on the east line thereof. Hager Creek flows or carries water only in time of ordinary and heavy local rains but is the natural drainage .or water course which carries off the surface water from the Turkey Mountain area. In the year 1948, Drainage District No. 13, Tulsa County, Oklahoma, constructed the Jenks levee for the protection of the town of Jenks, Oklahoma. This levee begins in Section 12, Twp. 18 N., Rnge. 12 E., some two miles north of both plaintiff's and defendant's properties and. continues from its point of beginning in a southwesterly direction along the East bank of Hager Creek across portions of Section 13 and Section 14, thence south along said creek, entering defendant's property at a point on the north line thereof a short distance west of the northeast corner, thence due east across defendant's property parallel with the north line thereof. The levee continues on east across the north 20 acres of plaintiff's property, thence southeast, east, north and northwest around the Town of Jenks and along the west bank of the Arkansas river. On January 15, 1953, the defendant constructed a small dam across Hager Creek at a point south of where said creek entered his lands and cut some ditches on his land, which dam had for its purpose the repelling of the water emptying upon his land from Hager Creek to the right-of-way or drainage district No. 13.

The testimony of plaintiff was to the effect that prior to the construction of the dam across Hager Creek by the defendant all the water coming from the Turkey Mountain area flowed naturally across the land of the defendant in a southerly direc-

tion and none of said water came upon his land; that after the construction of the dam the water was diverted so that it flowed east over the land of the plaintiff causing deep ditches or erosion in the fields of plaintiff, injuring the lands of plaintiff and destroying the crops thereon.

The testimony of defendant was to the effect that Hager Creek entered at the northeast corner of his land; that thereafter there was no well defined creek across his land; that prior to the construction of the Jenks levee the water spread across the northeast corner of his property and on the northwest part of plaintiff's property and ran down the bar ditches of the road separating their said properties; that since the construction of the levee all the water entered his land at its northeast corner and thereafter spread over his land; that he erected the dam and cut the ditches to return the water to where it was wont to flow prior to the construction of the levee.

According to the evidence, at all times prior to the construction of the Jenks levee, the surface water from the Turkey Mountain area was carried by Hager Creek, entered defendant's land to the west of plaintiff near the northeast corner of defendant's land; that a portion of this water flowed to the northeast to the road separating the properties of plaintiff and defendant and ran down the bar ditches of the road although the greater amount flowed over the lands of the defendant; that after the construction of the levee all of this water emptied upon the lands of the defendant and flowed in a southerly direction across his land to where it emptied into Polecat Creek, whereupon defendant constructed a dam near his north line across Hager Creek to divert it; that the dam actually diverted the water from the land of the defendant to the east across the land of the plaintiff. Therefore, the question is: Did the defendant have the right to build the dam and thus divert the water?

▬ This court has long given its approval to the "Common Enemy Doctrine"

in a modified and restricted sense. In cases approving same we have said that each proprietor may divert the water, cast it back or pass it along to the next proprietor, provided he can do so without injury to such adjoining proprietor. However, in all such cases we have laid down the rule that no one is permitted to sacrifice his neighbor's property in order to protect his own. See Gulf, C. & S. F. Ry. Co. v. Richardson, 42 Okl. 457, 141 P. 1107.

Apparently, the defendant, in constructing the dam and digging the ditches on his land, proceeded upon the premise, that, since drainage district No. 13 had constructed the levee and thereby turned a greater volume of water upon his land than ordinarily was wont to flow, that he had a right to turn same back to the drainage district.

▬ Assuming without deciding that he may have had such a right, nevertheless we are committed to the rule that he must do so in such a manner as to cause no injury to his neighbor's property. And where, as here, it is not shown that plaintiff has been guilty of any unlawful or inequitable conduct in the matter with relation to which he seeks relief, equity will not refuse to lend its aid.

▬ In Culbertson v. Greene, 206 Okl. 210, 243 P.2d 648, in the first paragraph of the syllabus, this court held:

"A riparian proprietor has no right to construct by dike, dam, or otherwise anything which in. time of ordinary flood or heavy local rain will collect surface waters which flow on and across his land, and throw the water in a large and unusual volume upon the lands of another so as to injure them."

▬▬ For the sake of brevity we have not set forth an extended discussion of the evidence. It is sufficient to point out that we have reviewed this record very carefully. And, having done this, we are impressed with the correctness of the trial court's findings. We necessarily conclude that the trial court's findings and judgment are not clearly contrary to the weight of

844

the evidence. In such cases the findings and judgment will not be disturbed on appeal. Humphreys v. Day, 208 Okl. 223, 254 P.2d 996.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JJ., concur.

This court acknowledges the services of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed and approved by Commissioners James H. Nease and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.