Agriculture Tracts — Ad Valorem Taxation Where a tract of land has been subdivided with dedication of streets and alleys and still used for agricultural purposes it should be assessed as other real estate of like grade and quality not exceeding 35% of its fair cash value as provided in 68 O.S. 2429 [68-2429] (1968), and such determination is for the county assessor. The Attorney General has had under consideration your letter of February 29, 1968, requesting an opinion. A 70 acre tract of land adjacent to but not within the city limits of Altus has been subdivided for development into lots with streets and alleys dedicated to the public. However, no actual development or construction is planned until a future date and the land is presently devoted to crop production. You ask, "Does the Jackson County Assessor have discretion in assessing the property as agricultural property so long as the surface is in tact and use remains for agricultural purposes, as opposed to assessment of property in small plots according to the terms of the subdivision?" 68 O.S. 2427 [68-2427] (1967), provides in relevant part: "(b) All taxable real property shall be assessed annually, at not to exceed thirty-five per cent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale, as of the first day of January of each year, but need not be listed with the County Assessor." It will be noted that there is no statutory schedule of valuation which a county assessor must follow. The statutory guide as set forth above is that it must be assessed at the price that it would bring at a fair voluntary sale. In First National Bank v. Rowe, 195 Okl. 219, 157 P.2d 172, it was held in the third paragraph of the syllabus: "The income-producing ability of property is a definite factor but not the only element of value to be considered in fixing its assessed value for tax purposes ." In Albright Parking System v. County Board of Equalization, Okl.,375 P.2d 891, the Oklahoma Supreme Court held: "Moreover, we think that the manner in which the county assessor arrived at the subject property's assessed valuation is of little significance, if the figure resulting therefrom is truly representative of said property's fair cash value." The court in Albright Parking System, supra, at page 894, also discussed that assessments should be comparable and not assessed at a "higher valuation than other real estate of like grade and quality." (Court's emphasis) It might be the case that the subdivision of a tract into lots with dedicated streets and alleys has the result of increasing its fair cash value without any further development or construction. However, this would be a fact question for the determination of the county assessor which this office is in no position to make. The assessor should be guided in his determination by the statutory requirement of fair cash value and that the valuation should be comparable to other real estate of like grade and quality. Therefore, it is the opinion of the Attorney that where a tract of land has been subdivided with dedication of streets and alleys and still used for agricultural purposes it should be assessed as other real estate of like grade and quality not exceeding 35% of its fair cash value as provided in 68 O.S. 2429 [68-2429] (1967), and such determination is for the county assessor. (Penn Lerblance) ** SEE: OPINION NO. 72-153 (1972) **