## JENNINGS v. JENNINGS.

No. 12079—Opinion Filed Sept. 18, 1923.

(Syllabus.)

**1. Appeal and Error—Citation of Authorities—Review.**

Assignments of error presented by counsel in their brief, if unsupported by authority, will not be noticed by the Supreme Court on appeal, unless it is apparent without further research that they are well taken.

**2. Divorce—Custody of Children — Division of Property—Evidence.**

Record examined, and held, that the findings and conclusions of the trial court in favor of the plaintiff as to the divorce, the care and custody of the children, and the division of the property are amply supported by the evidence, and that the error complained of based upon the action of the court in rejecting evidence offered by the defendant is without merit and did not result in a miscarriage of justice.

**3. Same—Judgment—Affirmance.**

For the reasons stated, the judgment of the trial court is affirmed.

Error from District Court, Okmulgee County; Lucien B. Wright, Judge.

Action by Pearl Jennings against Carey Jennings. Judgment for plaintiff, and defendant brings error. Affirmed.

H. S. Samples and Joe S. Eaton, for plaintiff in error.

John L. Maynard and John Caruthers, for defendant in error.

KANE, J. This was an action for divorce upon the ground of extreme cruelty commenced by defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated plaintiff and defendant, respectively, as they appeared in the trial court.

The petition of the plaintiff was in the usual form in such actions and stated facts sufficient to constitute a cause of action.

The answer of the defendant, after setting up a general denial, contained allegations which charged the plaintiff with certain violations of her marital duties

amounting to extreme cruelty and gross neglect of duty and further alleged that in the opinion of defendant these marital delinquencies were the result of the bad health and nervous breakdown of the plaintiff, and therefore he was willing to condone them in order to keep the family together, which in addition to the plaintiff and defendant consisted of three minor children.

The answer further alleged, in substance, that the plaintiff was, because of her mental and nervous condition, irresponsible, and that because of her condition she had committed many acts inconsistent with her conduct when normal, but the said conduct on the part of the plaintiff was not urged against her for grounds of divorce on his part, but merely as a defense; that plaintiff needed treatment and was all right when normal; that defendant was willing, ready, and able to take care of plaintiff and to furnish her treatment and maintain her and their said children; that plaintiff and defendant had been married for 15 or 16 years and accumulated considerable property, which he desired to keep intact for the use of plaintiff and defendant and their children; that defendant had no other object in life but the proper care and maintenance of his family; that plaintiff should be denied a divorce and that she take nothing by reason of her amended petition.

The reply of the plaintiff was a general denial.

Upon trial to the court of the issues thus joined, a decree was entered denying the plaintiff's prayer for a divorce. The court, however, decreed that the plaintiff shall have possession and custody of the children, the right to occupy the family residence without molestation on the part of the defendant; that the defendant shall have the management and control of the farm, barn, and garage, together with all farming implements, tools, and automobile, and shall have free access, without molestation on the part of the plaintiff, to manage and control said farm; that the defendant shall pay plaintiff $250 on the first day of each month for the support and maintenance of the children.

This decree was entered on the 22nd day of June, 1920, and no appeal was taken therefrom.

Thereafter, on the 30th day of June, 1920, during the same term, the defendant filed a motion to modify said decree to the extent that he be given the custody, care, and education of the children and the right to occupy with the plaintiff their home, and that the amount of alimony allowed be reduced to the sum of $100 per month. Thereafter, on the 17th day of August, 1920, plaintiff filed a motion to modify the decree to the extent that she be given the exclusive right to the family homestead, comprising 60 acres of ground, and the right to the family car and such other property as the court might deem equitable and just, and that the order and judgment of the court denying the decree of divorce be set aside and vacated and that she be given an absolute divorce from the defendant. Thereafter, on the 4th day of September, 1920, defendant filed his objection to plaintiff's motion to modify and set aside said judgment and to grant plaintiff a divorce absolute, upon the ground that the court was without jurisdiction to vacate and set aside said judgment entered on the 22nd day of June, 1920, from which no appeal had been taken, and therefore the judgment had become final in so far as the right of said plaintiff to a divorce was concerned. Thereafter, on October 2, 1920, the court vacated and set aside the former decree, refusing the plaintiff a divorce, and permitted said cause to stand for trial upon the pleadings formerly filed. Thereafter, on the 22nd day of October, 1920, the defendant filed his amended answer and cross-petition, in which he charged the plaintiff with extreme cruelty, gross neglect of duty, and other marital delinquencies and prayed that he be granted an absolute divorce and the care and custody of the children. Thereafter, on the 23rd day of October, 1920, the plaintiff filed a supplemental petition, in which she complained of certain cruel treatment occurring since the rendition of the original decree and praying for an absolute divorce and for the care and custody of the children and an equitable division of the property. Thereupon the defendant filed his answer in the nature of a general denial to the supplemental petition.

Upon the issues thus joined the cause was again tried before the court upon its merits, and at the conclusion of all the testimony the trial court rendered a decree granting the plaintiff an absolute divorce, the care and custody of the children, and a division of the property, to reverse which this proceeding in error was commenced.

The grounds for reversal relied upon by counsel for defendant, as we gather them from their brief, may be briefly summarized as follows:

(1) The court erred in setting aside the original judgment and decree rendered in

this cause, over the objection and exception of the plaintiff in error.

(2) The judgment and decree of the court is not sustained by sufficient evidence.

(3) The court erred in excluding competent, material, and relevant evidence offered by defendant.

The first assignment of error seems to us to be without merit. No authorities are cited either in support of or against this assignment of error, and as the argument of counsel is not convincing and it is not apparent to us that the point is well taken, we will indulge the presumption that the ruling of the trial court is correct.

It is well settled that assignments of error presented by counsel in their brief. if unsupported by authority, will not be noticed by the Supreme Court on appeal, unless it is apparent without further research that they are well taken. Pac. Mutual Life Ins. Co. v. O'Neil, 36 Okla. 792, 130 Pac. 270.

The principal ground for complaint under the second assignment of error is that, inasmuch as the evidence fairly shows that the plaintiff was not without fault, the court abused his discretion in granting the plaintiff a divorce under section 505, Bunn's Compiled Oklahoma Statutes, Annotated, 1921, which provides:

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance, and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable, and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

On this assignment of error, it is sufficient to say that we have examined the record carefully and are satisfied that the findings and conclusions of the trial court in favor of the plaintiff as to the divorce, the care and custody of the children, and the division of the property are amply supported by the evidence. The record shows that the trial court gave this case very careful consideration after allowing parties full opportunity to present their respective sides of the controversy. Both parties wanted a divorce, so the only serious controversy between them was the division of property and the care and custody of the children. It appears to us that the judgment and decree of the trial court disposes of these matters as fairly and equitably as the nature of the case will allow.

The remaining ground for reversal complained of is error in the improper rejection of evidence. This assignment of error is without merit. Moreover, section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

After an examination of the entire record it does not appear to us that the error complained of has probably resulted in a miscarriage of justice.

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur.