### BOLDS et al. v. RANDLE.

No. 21637.   Opinion Filed Feb. 23, 1932.

C. S. Walker, for plaintiffs in error.

Amos T. Hall, for defendant in error.

PER CURIAM. This was an action for damages alleged to have been sustained by the plaintiff by reason of the negligence of the defendants while driving their car on the streets used by pedestrians, and as a consequence of which the plaintiff received certain serious, painful, and permanent injuries to her person. The jury returned verdict in favor of the plaintiff in the sum of $1,000, and from the judgment rendered thereon and the order overruling the motion for new trial defendants appeal by petition in error and case-made; and the only assignments of error presented in the brief are: (1) That the verdict and judgment is' not supported by the evidence because of irreconcilable conflict in the testimony; (2) that the verdict and judgment is excessive under the evidence introduced.

Plaintiffs in error in their brief quote excerpts from the testimony and argue the conflict in the evidence, but wholly fail to cite any authority in support of the specifications of error complained of and argued in their brief. The brief of the plaintiffs in error does not comply with rule 26 of this court.

In the first paragraph of the syllabus, in the case of Chicago, R. I. & P. Ry. Co. v. Crider, 52 Okla. 487, 153 P. 63, this court said:

"Where, in an action at law, there is

conflict in the evidence, and the verdict in favor of the plaintiff is approved by the trial court, this court cannot weigh the evidence and reverse the judgment because the evidence on which the verdict was founded was contradicted by other evidence at the trial."

And in paragraph 2 of the syllabus, in the case of Wyant v. Levy, 134 Okla. 39, 272 P. 851, this court quotes with approval the rule announced in the case of Chesnut & Smith v. Lynch, 84 Okla. 199, 202 P. 1018, as follows:

"A plausible but not convincing argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court."

And again, in Wyant v. Levy, supra, this court said:

"Where the plaintiff in error does not support his contention by citation of authority, if an examination of the record discloses that there is no prejudicial error and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail."

Under the doctrine announced in the above cases, the judgment in the instant case should be and is accordingly affirmed.

On August 4, 1931, upon application filed by the defendant in error, this court entered an order to the plaintiffs in error requiring additional supersedeas bond to be filed within 30 days from said date. Plaintiffs in error have wholly failed to comply with the order of the court. And for said reasons, the defendant in error filed motion to dismiss the appeal and for judgment on supersedeas bond.

It appears from the record that plaintiffs in error executed supersedeas bond with Jim Cherry and Sam Barnes as sureties thereon, and that said bond was duly filed and approved in the trial court and a copy of same is incorporated in the case-made. Defendants in error, in their answer brief, call attention to supersedeas bond, and ask that upon affirmance of the judgment this court also render judgment against the sureties on said bond.

It is therefore ordered, adjudged, and decreed that the defendant in error, Maude Randle, have judgment on the supersedeas bond, and against Bertha Barnes Bolds and Johnny Bolds as principals, and Jim Cherry and Sam Barnes, sureties thereon, for the principal sum of $1,000, together with interest at six per cent. per annum from the 13th day of February, 1930, and for costs, for which let execution issue.

Note.—See under (2) R. C. L. 177, 178; R. C. L. Perm. Supp. p. 361.