### FINK et al. v. AETNA INS. CO.

No. 26850.   Dec. 15, 1936.

Rehearing Denied Jan. 19, 1937.

W. K. Zarchy, C. F. Gordon, and C. A. Ambrister, for plaintiffs in error.

Forrester Brewster, for defendant in error.

PER CURIAM.   Appointment in writing was given John B. Fink, doing business as Fink Bonding & Insurance Company, as its agent at Muskogee, by the Aetna Insurance Company, and on August 1, 1929, Fink, as principal, executed an agency bond in favor of said company, in the sum of $5,000, with L. H. Rooney and S. M. McManus, as sureties, conditioned that he would faithfully remit all premiums collected by him as such agent.   The bond recites the parties thereto:

"Know all men by these presents, that we, John B. Fink, doing business as Fink Bonding & Insurance Company of Muskogee, in the State of Oklahoma, as principal and L. H. Rooney of Muskogee in said State and S. M. McManus of Muskogee in said State, as sureties, are held and firmly bound unto the Aetna Insurance Company, Hartford, Connecticut, in the just and full sum of Five Thousand and No./100 dollars lawful money of the United States of America. * * *"

This suit, predicated upon the foregoing bond, was filed by the Aetna Insurance Company against Fink, formerly doing business as Fink Bonding & Insurance Company, and his sureties, alleging the failure of Fink, doing business as Fink Bonding & Insurance Company, to remit for premiums collected by him as such agent, in the sum of $2,412.54, in which sum, after trial to the court, a jury having been expressly waived, judgment was entered against Fink and against Rooney and McManus, as sureties on the bond.   From this judgment they appeal.

From the record of the trial there appears to have been little or no controversy as to the amount of the unpaid indebtedness, and the agency bond was introduced without objection.   The defendants sought to avoid the bond by the submission of evidence of the organization of a common-law trust bearing the name of the Fink Bonding & Insurance Company, but neither offered nor attempted to offer any evidence of any contractual relations or business dealings between this trust company and the Aetna Insurance Company.   The contention of the plaintiffs in error that this trust company was the agent of the Aetna Insurance Company and committed the default is frivolous.

The trial court in rendering judgment in favor of the Aetna Insurance Company necessarily found that its business relations were carried on by the company, with the principal named in the agency bond and not with the common-law trust; and that no defense was shown by the sureties by the bare proof of the organization of a common-law trust bearing the same name as that used by the principal in the agency bond.   The proof as shown by the record amply supports the findings of fact by the court and both principal and sureties are bound thereby.

"In a civil action triable to a jury, where jury is waived and the cause is tried to the court, the findings of the trial court have the force and effect of a jury verdict, and when the finding is a general one, it is a finding of every specific thing necessary to be found sustaining the general judgment.

"In such case, as in the case of a jury verdict, there being no errors of law, the judgment will not be disturbed on appeal if there is any competent evidence reasonably tending to support the conclusion of the trial court."   Lowe v. Hickory, 176 Okla. 426, 55 P. (2d) 769.

The judgment in this case should be affirmed.   And it is so ordered.

The Supreme Court acknowledges the aid of Attorneys John Meserve and Harry Campbell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court.   After the

analysis of law and facts was prepared by Mr. Meserve and approved by Mr. Campbell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, and PHELPS, JJ., concur.