## OIL FIELD OPERATING CO. v. EUREKA TOOL CO.

No. 27589.　Dec. 14, 1937.

Arthur H. Dolman, for plaintiff in error.

Morrison & Shipp, for defendant in error.

CORN, J. This is an appeal from the court of common pleas of Oklahoma county. The action was brought by the defendant in error herein, plaintiff below, upon an open account, unverified and with an itemized statement attached, alleging that the plaintiff in error, defendant below, was indebted to this defendant in error in the amount of $535.14 for goods, wares, merchandise, and services sold and performed for the plaintiff in error.

The plaintiff in error filed an unverified general denial to the petition, and the cause was then tried to the court without a jury. The defendant in error produced one witness, the company credit manager, and rested the cause upon his testimony that the charge tickets set up as exhibits were the original shop tickets made when the transactions occurred, in the usual and ordinary course of business. The plaintiff in error objected to the court allowing the exhibits in the record.

Six assignments of error are made to the judgment of the trial court, which are, for the purposes of argument, grouped under two propositions in the appeal brief. Hereafter we shall refer to the parties as they appeared in the trial court.

The first ground for reversal presented by the defendant is that the trial court erred in admitting proof of the account sued on to be made by the introduction of exhibits Nos. 1 to 10, inclusive, these exhibits being the original shop tickets issued for materials sold and services rendered.

The argument here is that the witness testified he was not the one who made the deliveries of the goods, and was not present when these tickets were actually signed. Hence, the defendant contends that the proof, the burden of which was necessarily assumed by the plaintiff under the pleadings, failed as to the identification of the exhibits under the rule of section 336, O. S. 1931, which provides:

"Entries in Account Books Admissible Where Requirements Met—Entries in books of account may be admitted in evidence, when it is made to appear by the oath of the person who made the entries, that such entries are correct, and were made at or near the time of the transaction to which they relate, or upon proof of the handwriting of the person who made the entries, in case of his death or absence from the county, or upon proof that the same were made in the usual course of business."

The defendant contends that, since the witness did not make the entries and because he was not otherwise connected with the transaction, he could not properly identify the exhibits and that they were therefore incompetent as evidence and that the court erred in admitting them.

This court has passed upon this point, coming under the section of our statutes quoted above, numerous times in the past. One of the earlier expressions from this court was in the case of Hemisphere Oil & Gas Co. v. Oil Well Supply Co., 104 Okla. 83, 230 P. 245, and there is a great similarity between the facts in that case and those in the instant case.

There the company salesmen made tickets of sales which were forwarded to the general offices in Tulsa, Okla., where all sales were then entered. There, as in this case, the witness was the credit manager, and had no personal knowledge of the sales or that the entries were made at or near the time of the transactions shown. The evidence was that this was the system used to keep accounts, and that it was done in the usual and ordinary course of business. The question then was, as in the case at bar, whether such proof rendered these tickets competent as evidence, and the trial court properly admitted them.

On appeal the judgment of the trial court was affirmed by this court, and the opinion of the court was, in part, expressed as follows:

"* * * We think the phrase, 'in the usual course of business,' means in the usual course of business of the person, firm, or corporation whose accounts are in question. Whether the system of accounting adopted and used by the person whose accounts are in question is perfect or imperfect is not material. The skill or want of skill in keeping accounts is not the question. That goes to the weight and value to be given the evidence after being admitted."

The opinion then cites Navarre v. Honea, 41 Okla. 480, 139 P. 310, and quotes from that case as follows:

" 'A book of account, when admissible in evidence, even though free from inherent

improbability, is only presumptive and disputable evidence of the correctness of the entries therein appearing.' "

The objection of the defendant that the exhibits, in the form of the tickets made at the time of each transaction, were improperly admitted in evidence cannot be sustained. We hold, under section 336, O. S. 1931, the entries having been made in the usual and customary course of business, that the judgment of the trial court. in admitting the exhibits in evidence, was correct. See, also, Clover v. Neely, 116 Okla. 155, 243 P. 758; Jones v. Sinclair Crude Oil Purchasing Co., 130 Okla. 182, 266 P. 439; and the recent case of Maney v. Cherry, 170 Okla. 469, 41 P. (2d) 82.

The defendant's second contention is that the judgment is not sustained by sufficient evidence, this being based upon the argument that the witness, the credit manager, had no actual knowledge of the account or the transactions involved, and that there was no proof of the individual items of account or of the correctness of the items of the account.

We believe that this proposition is without merit, in view of the authorities cited and the facts of the case.

Judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, GIBSON, HURST, and DAVISON, JJ., concur.