## FIRST FEDERAL SAVINGS & LOAN ASS'N v. ROSE.

No. 27605. June 14, 1938.

Rehearing Denied July 5, 1938.

E. G. McComas, Arthur G. McComas, and Donald Royse, for plaintiff in error.

H. C. Ivester, for defendant in error.

PHELPS, J. The defendant in error, as plaintiff, brought suit against the plaintiff in error, as defendant, in the justice court, to recover a commission alleged to be due him for the sale of real estate. Plaintiff recovered judgment in the amount of $100 and costs, and on appeal to the district court recovered judgment in a like amount.

For reversal of the judgment, defendant urges error of the trial court in overruling its demurrer to the evidence; that the court erred in its findings of fact and conclusions of law, and that the judgment is sustained neither by the evidence nor the law.

The facts, as determined by the trial

court, are substantially as follows: That Ben Wilkins, of Sayre, Okla., was the owner of certain real estate located in said city, on which the defendant held a mortgage for approximately $2,350. That in June or July, 1935, the owner listed the property for sale with the plaintiff, a real estate broker, stating that he (the owner) wanted $50 for his equity in the property, with the further understanding that the purchaser was to make arrangements with the defendant regarding the mortgage.

The plaintiff contacted one Jack Courtney, the agent and representative of the defendant, and was advised by Courtney that it would take $2,100 to satisfy defendant's note and mortgage. That plaintiff and Courtney, together, interviewed one Ben Hoyle, a prospective buyer, and that the plaintiff, in the presence of Courtney, priced the property to Hoyle for $2,250; $2,100 to be paid to the defendant in satisfaction of its mortgage, and $50 to the owner, and $100 to the plaintiff as his commission. That in said conversation Courtney stated that the defendant would carry a loan of $1,750 against the property, the balance to be paid in cash. Sale to Hoyle was not consummated, and thereafter plaintiff contacted C. M. Ewing, showed him the property and priced it to him for $2,250. Soon thereafter Ewing and his wife went to Elk City, where the defendant association is located, and interviewed Jack Courtney about buying the property, advising Courtney that they had been directed to him by the plaintiff. Following negotiations the property was sold to Ewing for $2,250; $150 cash, and a note and mortgage to the defendant association for the balance. The defendant paid the owner of the property $25 for a deed.

The court further found that at the time of the sale to Ewing the defendant knew that the property had been listed with plaintiff, for sale, by the owner; and that it knew that plaintiff had shown the property to Ewing, who became the purchaser, and that the amount of the commission claimed by the plaintiff was included by the defendant in the purchase price. On the facts so found, the court concluded that the plaintiff was entitled to recover as commission the amount sued for.

It is contended that the findings of fact made by the court are not supported by the evidence; and that the conclusions of law are erroneously applied to the facts. From an examination of the record we are convinced that the proof reasonably supports the findings of fact as determined by the court. It appears quite plain that from the beginning of the negotiations leading up to the sale of the property, Courtney, the representative of the defendant association, knew that the owner had listed the property for sale with the plaintiff; also, that Courtney knew that the plaintiff was instrumental in sending Ewing, the purchaser, to the defendant at Elk City, where the negotiations for the sale were finally completed, and that Courtney knew that the purchaser was not to pay any commission for the sale of the property.

It is urged that the proof is insufficient to show that Courtney was the agent of the association with authority to bind the defendant for the payment of the commission. An officer of the association testified that Courtney was in the employ of the defendant company as a collector and participated in the negotiations leading up to the sale of the property to Ewing. The term "collector" necessarily implies looking after delinquent or distressed loans. The proof is clear that the loan on the property sold was classified by the association as being in an unsatisfactory condition in so far as payments on the loan contract were concerned. The fact that the association paid the owner $25 for a deed indicates a desire on its part to place the ownership of the property elsewhere. In the syllabus in DeWolf v. Church, 180 Okla. 66, 67 P.2d 930, it is said:

"The question of agency, when made an issue in the case, is a question of fact to be determined either by the jury or by the court as a trier of fact, from all the facts and circumstances in evidence connected with the transaction, and, like any other question of fact, may be proved by circumstantial evidence."

Finally, it is urged that on the trial of the case in the district court the plaintiff proceeded upon a different theory from that adopted in the justice court under the bill of particulars filed therein. We have read the record and conclude that this contention cannot be sustained. It is alleged in the bill of particulars that the defendant agreed to pay the plaintiff $100 if he was instrumental in securing a satisfactory purchaser for the property. The proof submitted at the trial is in harmony with the allegations of the original pleading. We find no fault with the authorities submitted by counsel for defendant on this point, but we are unable to harmonize them with the facts in the present case.

The facts in the present case are well within the rule announced by this court in

Fink v. Aetna Ins. Co., 179 Okla. 34, 64 P.2d 268, wherein, in the syllabus, we held:

"Where a jury is waived and the cause is tried to the court, a general finding by the court is a finding of every specific thing necessary to be found sustaining the general judgment, and, there being no errors of law, the judgment will not be disturbed if there is any competent evidence reasonably tending to support the conclusion of the trial court."

The judgment is affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.