EAST BASIN OIL & URANIUM COMPANY, a Corporation, Plaintiff in Error,

v.

R. L. POUND, d/b/a R. L. Pound Tank Trucking Company, Defendant in Error.

No. 37513.

Supreme Court of Oklahoma.

Feb. 4, 1958.

Marvin T. Johnson, Tulsa, for plaintiff in error.

Jack B. Sellers, Drumright, Joe A. Moore, Sapulpa, for defendant in error.

WELCH, Chief Justice.

This action was filed by R. L. Pound, d/b/a R. L. Pound Tank Trucking Company, plaintiff, against East Basin Oil & Uranium Company, a corporation, on an account for hauling water to drilling oil wells. The jury returned a verdict for plaintiff and from the court's judgment thereon this appeal is prosecuted.

The defendant, as plaintiff in error here, argues the case under seven separate assignments of error. All of which are discussed together in the brief.

It is urged that the only evidence of an account was the testimony of plaintiff wherein he read from invoices which were later offered and received in evidence by the court over the objection of the defend-

ant. The objection to the receiving of invoices as evidence at trial was on grounds they were incompetent, irrelevant and immaterial and not tending to prove or disprove any issue in the case, and that there was no connection under the proof here with this defendant.

The defendant did not offer any evidence contradicting the invoices or denying the amount was due. There is no denial other than in the pleadings.

In the case of Oil Field Operating Co. v. Eureka Tool Company, 181 Okl. 393, 74 P.2d 377, this court held:

"Sales tickets of a regular permanent nature which are made in the usual course of business at the time of the transactions to which they relate are admissible in evidence under section 336, O.S.1931, 12 Okl.St.Ann. § 501.

"Proof that such entries are made in the usual and customary manner in the course of the firm business renders the same competent as evidence to prove the account."

Also, see Maney v. Cherry, 170 Okl. 469, 41 P.2d 82.

In the case here before us the testimony of the plaintiff was to the effect that the office girl prepared the invoices admitted in evidence; that they were made from job tickets also referred to as daily reports; that the truck drivers who did the hauling made up the daily reports and left them in the office either with the office girl or the plaintiff himself. This was apparently the usual and customary manner in which the invoices were prepared in carrying on the business.

We are therefore of the opinion and so hold that the invoices were admissible and the trial court did not commit error in admitting them.

■■■ The next proposition urged is that the work was not authorized and the evidence was insufficient to show that Alex May, who is alleged to have signed the shop tickets or invoices, was an agent of defendant, East Basin.

The evidence reveals that one John K. Steed was working as tool pusher on the well for the defendant; that Alex May supervised Steed in an overseeing capacity.

The testimony of John K. Steed reveals that he called the plaintiff out on the job, and that the work was done as shown by invoices. He also testified that his relationship with East Basin Oil Company was assistant to May. Steed also testified that to the best of his knowledge East Basin Oil Company was the operator on the leases referred to herein during the time work is alleged to have been done by the plaintiff.

It is true that evidence as to the relationship between Alex May and the plaintiff in error was conflicting, however, in the case of First Federal Savings and Loan Association of Elk City v. Rose, 183 Okl. 262, 79 P.2d 796, this court held:

"The question of agency, when made an issue in the case, is a question of fact to be determined either by the jury or by the court as a trier of facts, from all the facts and circumstances in evidence connected with the transaction, and like any other question of fact, may be proved by circumstantial evidence."

See also DeWolf v. Church, 180 Okl. 66, 67 P.2d 930, and Oklahoma Natural Gas Co. v. Courtney, 182 Okl. 582, 79 P.2d 235.

■■ There are other assignments of error presented in the brief of Plaintiff in Error, but no authorities supporting the same. These will not be considered by the court, since it is a rule of law long established by the court, that assignments of error, presented by counsel in their brief, if unsupported by authority, will not be noticed by the Supreme Court on appeal, unless it is apparent without further research that they are well taken. Jennings v. Jennings, 95 Okl. 90, 218 P. 703, and Nichols & Shepard Co. v. Dunnington, 118

Okl. 231, 247 P. 353. In the case of Bolds v. Randle, 155 Okl. 178, 8 P.2d 720, this court held:

"Where, in an action at law, there is conflict in the evidence, and verdict in favor of plaintiff is approved by the trial court, this court cannot weigh the evidence and reverse the judgment because the evidence on which the verdict was founded was contradicted by other evidence at the trial."

The judgment of the trial court is therefore affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.