**ENID RETAIL MERCHANTS, a corporation, dba Credit Bureau of Enid, Appellant,**

v.

**Buddy R. JONES, Appellee.**

**No. 57213.**

Supreme Court of Oklahoma.

Jan. 25, 1983.

Rowland F. Carter, Enid, for appellant.

Richard S. Karam, Enid, for appellee.

SIMMS, Vice Chief Justice:

Enid Retail Merchants, organized as a religious, educational and benevolent corporation, appeals from the trial court's dismissal of its cause and the court's award of attorney fees to defendant. As a result of its activity as a credit bureau, appellant Enid Retail Merchants [hereafter the corporation] brought an action against Buddy R. Jones to collect debts assigned to it by merchants in Enid. In his answer Jones raised the issue of the corporation's power to engage in business other than for the purpose of obtaining funds to carry out charitable, educational or benevolent purposes. Upon a motion for judgment on joint stipulation of facts, the trial court found that the corporation was not entitled to judgment against defendant because it was acting outside the scope of its authority as set forth in 18 O.S.1981, § 541–550. The trial court dismissed the action with prejudice.

Appellant's petition in error and brief argue that the trial court based its decision on the lack of the corporation's capacity to sue. On the contrary, however, the motion for judgment on stipulation of facts on which the court ruled stated that the corporation has capacity to bring actions on a debt as an assignee. The real issue decided by the trial court and mistakenly discussed by appellant in terms of real party in interest or corporate capacity is whether the corporation exceeded its *powers* as prescribed by 18 O.S.1981, § 541–550.[1]

Before we review this issue, we note that neither in the trial court below nor in his petition in error did appellant raise the issue of appellee's standing to raise the defense that the corporation had exceeded its powers. While as a general rule, such a defense can be asserted only by one interested in or dealing with the corporation as in a direct proceeding by the state,[2] because appellant has waived any objection, we are not required to delve into this question on appeal.[3] Though 18 O.S.1981, § 1.29 severely limits the raising of the defense of ultra vires, it does not prohibit a defense based on illegality or public policy.[4] Nevertheless, appellant corporation raises the issue of the scope of its powers in its petition in error.

The trial court found that "the plaintiff is not entitled to a judgment against the defendant for the reason that the said

1. For a discussion of the confusion frequently made between corporate capacity and power or authority, see R. Dale Vliet, 2 Okl.L.Rev. 177 (1949): "A corporation may have an unlimited general *capacity* but it has the authority to do only such things as are permitted by law or by its articles of incorporation." (p. 189)

2. *Schultz v. Morgan Sash and Door Co., Okl.,* 344 P.2d 253 (1959); 18 O.S.1981, § 1.29; 19 Am.Jur.2d § 968.

3. *In re Harris, Okl.,* 434 P.2d 477 (1967); *Stinson v. Sherman, Okl.,* 405 P.2d 172 (1965).

4. "Illegality and public policy are but another head of the hydra-lite problem of ultra vires for, unfortunately, the term ultra vires is sometimes employed to designate corporate acts, the real objection to which is not merely that they are outside the defined purpose of the corporation, but that they are, illegal, expressly prohibited, or contrary to public policy." [citations omitted] Vliet, 2 Okl.L.Rev. 177, 193 (1949).

plaintiff was acting outside its scope of authority as set forth in Title 18, Chapter 14, Section 541 through 550 under which it was organized." We affirm the trial court's decision.

Appellant denies that it has exceeded its powers as a religious, education or benevolent corporation by doing business as a credit bureau or collection agency.[5] Admittedly, doing business in such a way is not *per se* a violation of corporate powers. The question is what was the ultimate purpose of the corporation's activities? Title 18, O.S.1981, § 549, a special provision governing here, dictates that the purpose of business activities must be to forward the corporation's charitable, education or benevolent purposes:

"Any corporation heretofore or hereafter organized under the laws of the State of Oklahoma for charitable, educational or benevolent purposes may maintain and carry on any and all kinds of business enterprises that an individual or corporation may lawfully carry on under the laws of the State of Oklahoma as auxiliary enterprises and may do, so either directly or through any other corporation or corporations, a majority of whose stock it lawfully owns, *in order that additional funds may be obtained with which to carry out only the charitable, educational or benevolent purposes of such corporation.*" [emphasis added]

In their stipulation of facts the parties agreed that the collection activities of appellant were for the following purposes: to "create harmonious relations among the merchants within the City of Enid and their patrons" and to "promote functions which will expand the trade territory of the City of Enid and increase the volume of sales."

Upon examination of the activities of appellant and the provisions of Chapter 14, we conclude that they do not fall within the ambit of § 549. Creating harmonious relations among merchants by becoming assignees of debt and collecting them or increasing sales of merchants are simply not the purposes contemplated by the legislature in creating special provisions and benefits for religious, benevolent and educational corporations. Title 18, O.S.1981, § 571–575 describing educational corporations, for example, contemplates the corporation will be formed for the purpose of establishing an institution of learning.[6] Benevolent, charitable and fraternal associations may be incorporated for specific purposes under 18 O.S.1981, § 581:

"The following associations for benevolent and charitable purposes may become incorporated, as provided in this article, to wit:

(1) To establish and maintain hospitals and infirmaries for the cure of the sick and support of the aged and indigent, and asylums for orphans.

(2) For the mutual assistance of the members in time of sickness or necessity, and to provide a fund for this purpose by contributions of the members thereof from time to time, and for the like incidental benevolent purposes.

(3) To establish and maintain lodges, chapters and encampments, of fraternities or associations commonly known as

5. Appellant cites § 1.18 and 1.3 of the Oklahoma Business Corporations Act. § 1.18 gives all corporations general capacity. § 1.3 makes the provisions of the Act applicable to every private corporation but with the express limitation applicable here:

"... except and only to the extent that such corporation be expressly excluded from the operation of this Act or portions hereof, or there be special provisions in relation to any class of corporations inconsistent with provisions of this Act, whereupon such special provisions shall govern as to such class of corporations."

6. The statutes outlining appropriate purposes for beneficient corporations will not be strictly construed. See, *Jones v. Better Business Bureau of Okl. City,* 123 F.2d 767 (1942): "While the general rule is that tax-exempt statutes are to be construed strictly in favor of the government, the rule does not apply to exemption statutes of the character here involved. Such a statute should be liberally construed so as to further rather than hinder its beneficient purpose. The purpose of this exemption is to encourage religious, charitable, scientific, literary, and educational association's not operating for the profit of any private shareholder or individual."

Free Masons, the Independent Order of Odd Fellows, Good Templars, Sons of Temperance, and other like benevolent orders or societies.

(4) To establish and maintain fire companies in any incorporated city or town.

(5) To establish and maintain youth organizations to promote the ideals of good sportsmanship, honesty, loyalty, courage and reverence by providing supervised competitive athletic games."

Appellant's stated purposes do not fall even remotely within those listed above. While nothing prohibits a bona fide religious, benevolent, or educational corporation from engaging in collection-type activities if such activities serve *to forward a religious, benevolent or educational end,* we find that no such purpose exists in the case at bar.

Appellant's final assertion of error is that appellee should not have been awarded attorney's fees below. Because appellant cites no authority, we are not required to explore this issue.[7] We do note, however, that 12 O.S.1981, § 936, provides for attorneys' fees to the prevailing party in an action on an open account.

We affirm the judgment of the district court.

BARNES, C.J., and IRWIN, HODGES, LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

OPALA, J., dissents.

OPALA, Justice, dissenting:

The issue *dispositive* of this appeal is whether, in an action brought by an Oklahoma charitable, benevolent and educational corporation, the defendant has standing to challenge the plaintiff's capacity to act, under its corporate charter, as a merchant's assignee for collection of debts. The court holds that (a) the plaintiff-appellant "has waived any objection" to the defendant's standing to challenge its corporate capacity and (b) the plaintiff lacks the capacity to engage in "collection-type activities". I cannot accede to the court's pronouncement because my analysis of the record and of the applicable law inclines me to the view that (1) the plaintiff neither acquiesced in, nor stipulated to, the defendant's legal standing to challenge its corporate capacity and (2) regardless of any procedural infirmity, the standing issue, which lies in the domain of public law, may be reached here for our review.

Oklahoma law does not require a litigant to "name the theory upon which he seeks relief."[1] When, by his answer, the defendant first interposed a challenge to the plaintiff's corporate capacity to bring a collection suit as assignee of a local merchant and then, by its supplemental answer, the defendant proceeded to question the plaintiff's status as real party in interest, the plaintiff had no duty, either then or at a later time, to choose, or commit itself to, some theory of defense against, or resistance and opposition to, the defendant's attack. What matters here is that there is *no* instrument in the record by *which the plaintiff acquiesced in, or stipulated to, the defendant's standing to challenge its corporate capacity.* The court erroneously attributes the plaintiff's waiver to "a motion for judgment on stipulation of facts". *No* statement in that motion *precludes* the plaintiff from objecting to the defendant's standing to raise the corporate capacity issue.

Standing to challenge a litigant's capacity to engage in a given activity under its state corporate charter presents a public-law issue.[2] A public-law issue may be considered

---

7. If unsupported by authority, assignments of error presented in counsel's brief will not be considered by the Supreme Court unless it is apparent without further research that they are well taken. *East Basin Oil and Uranium Co. v. R.L. Pound,* Okl., 321 P.2d 694 (1958).

1. *Doss Oil Royalty Co. v. Texas Co.,* 192 Okl. 359, 137 P.2d 934, 936 [1943].

2. *Schultz v. Morgan Sash & Door Co.,* Okl., 344 P.2d 253 [1959]; *Kurz v. Farmers United Co-Operative Pool,* 199 Okl. 224, 184 P.2d 790, 792 [1947]; see *Flast v. Cohen,* 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 [1968]; see

on appeal upon a theory not presented to the trial court.[3]

Even though the plaintiff does not here explicitly and with precision argue the standing issue, the public-law character of the subject-matter leaves us nonetheless free to reach it. There is hence no procedural infirmity precluding our decision on the dispositive issue of the defendant's standing to challenge the plaintiff's corporate capacity.[4]

I would resolve the standing issue against the defendant and reverse the trial court's dismissal of the action with prejudice.[5]

also, *Sarkeys v. Independent Sch. Dist. No. 40, etc.,* 592 P.2d 529, 533 [1979].

**3.** *McCracken v. City of Lawton,* Okl., 648 P.2d 18, 21 [1982]; *Application of Goodwin,* Okl., 597 P.2d 762, 764 [1979]; *Special Indemnity Fund v. Reynolds,* 199 Okl. 570, 188 P.2d 841 [1948]; see also, *Okl. Alcoholic Beverage Con-*trol Bd. v. Seely, Okl., 621 P.2d 534, 539 [1980] (Opala, J., concurring in result).

**4.** *Application of Goodwin,* supra note 3 at 764.

**5.** *Schultz v. Morgan Sash & Door Co.,* supra note 2.